People of the State of Illinois, Defendant in Error,
v. Frank A. McDonnell, Plaintiff in Error.

Gen. No. 41,207.

Opinion filed November 26, 1940.   Rehearing denied December 12, 1940.

FRANK A. MCDONNELL, *pro se;* S. B. MCDONNELL, JR., and ELWYN E. LONG, both of Chicago, of counsel.

FRED A. GARIEPY, of Chicago, and THOMAS J. COURT-NEY, State's Attorney, for defendant in error; FRED A. GARIEPY, of counsel.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

By this writ of error Frank A. McDonnell, respondent, seeks to reverse the judgment of the criminal court of Cook county wherein he was found guilty of contempt of said court and sentenced to serve two days in the county jail and to pay a fine of $25. The record discloses that April 3, 1939, an *amicus curiae* was appointed and granted leave to file instanter a petition for a rule against Frank A. McDonnell to show cause why he should not be held in contempt of court for having caused a mistrial by having absented himself from court without leave or explanation after a trial of a murder indictment had commenced and was in progress. Pursuant to leave granted an amended petition for a rule was filed by the *amicus curiae* May 20, 1939. Respondent's answer to same was filed June 14, 1939. June 19, 1939, written interrogatories were filed, which respondent was directed to answer. Respondent's motions to withdraw his answer theretofore filed to the amended petition and for leave to file a motion to strike such amended petition were denied June 24, 1939. Respondent's sworn answers to the written interrogatories were filed June 28, 1939.

The amended petition for the rule alleged in substance that the respondent, as attorney for one Peter Biron, a defendant in a murder indictment, appeared and took part in the trial of said defendant as his duly selected attorney from March 27, 1939, until 2:45 p. m. on March 28, 1939, when he was temporarily excused by the court until 10 a. m. on March 29, 1939;

that he was excused in order that he might take care of a civil motion pending in another court; that on the following morning, March 29, 1939, when the trial court reconvened following the recess from the afternoon before, the respondent was not in court and no reason for his absence was advanced; that after waiting a reasonable time the court recessed the trial until 2 p. m. on the same day; that during said recess the attaches of the court at the direction of the trial judge communicated with respondent's office by telephone, talking with respondent's secretary and also with his brother (who is an attorney); that respondent's secretary and his brother were notified to advise him to be in court at 2 p. m. on March 29, 1939, when the trial would again be resumed; that they were also advised that the failure of respondent to appear at such time and place would of necessity compel the court to declare a mistrial; that when the cause was called at 2 p. m. on said day neither the respondent nor anyone in his behalf appeared in open court; and that, since the trial was wilfully delayed, impeded and interrupted by reason of respondent's unexplained absence, the court ordered a mistrial.

In his answer to the amended petition respondent admitted that he represented Peter Biron in the criminal cause pending and undetermined in the criminal court of Cook county out of which this contempt proceeding arose, and he further admitted that by his failure to appear in said court on March 29, 1939, the business of the court was then and there interrupted and impeded. His answer denied that his failure so to appear at the said time was wilful, wanton, careless and negligent and it also denies that he wilfully, knowingly, carelessly, negligently or consciously disregarded the message, notice and admonition of the court.

The respondent's answer then alleged substantially that for a period of a month or more prior to March

27, 1939, he was suffering from general impairment of his health, occasioned and attended by loss of appetite, great nervousness, financial losses, worry and insomnia, for which he was more or less continually under the medical care of Dr. Jay G. Jones; that for 10 days prior to March 27, 1939, he had been particularly suffering from a stubborn insomnia, attended by temporary lapses of memory; that his physician warned him that he was facing a complete breakdown and recommended absolute rest in bed in a hospital in order that he might be given an opportunity to recuperate and recover from said nervous condition and insomnia; that he informed his physician of the necessity of conducting the defense of Peter Biron at a trial commencing on March 27, 1939; that his physician "absolutely forbade him to undertake such an important and exacting trial in his present condition until he had gone to a hospital and had obtained a period of refreshing sleep, warning him that if he did not attend to this advice the consequences might prove to be extremely serious"; that, disregarding his physician's advice, he appeared in said cause as counsel on March 27, 1939, and participated actively in the selection of a jury to try said cause; that "on March 28, 1939, while said jury was being selected, at or near the hour of 2:30 or 2:45 P. M. in the afternoon, as he is now informed and believes, and so represents to this Court, he was excused by the Court to appear in a motion set before the Honorable Robert C. O'Connell, one of the Judges of the Superior Court of Cook County, in a matter of *Krause v. Krause"; that "at* or near the hour of 4:30 p. m. on said date he left the court room of the said Judge and walked across La Salle Street to the sidewalk, where he shook hands with the Honorable Thomas Green, one of the judges of the Municipal Court of Chicago"; that "thereafterward he proceeded in a westerly direction on Randolph Street to a garage located in that vicinity where he

called for his automobile and proceeded home''; that
''the above information is presented to this court as
a result of his own memory of said time and by the
information he has received from others which he obtained by inquiry after he had been called on to answer
this rule''; that ''after he got into his said automobile
on March 28, 1939, he is totally without memory and
relies entirely on the information obtained from his
secretary and others''; that he has since learned ''both
from the records of the Court and by statements of
his office associates and friends that on April 5, 1939,
he appeared in the matter of *Talaska v. Talaska,* before the Honorable Philip J. Finnegan, one of the
Judges of the Circuit Court of Cook County, in answer
to a rule to show cause, wherein he represented the
respondent, one James Talaska''; that ''on the same
day at 10 a. m. he appeared in the matter of *Specht v.
Specht,* before the Honorable Rudolph DeSort, one of
the judges of the Superior Court of Cook County,
representing the defendant, one Fred J. Specht''; that
''on April 7, 1939, he appeared in the matter of *People
v. Johnson* . . . before Honorable Frank M. Padden, one of the judges of the Municipal Court of Chicago''; and that ''during said time, and on April 8,
1939, he consulted with his office associates and his
secretary in the matter of continuing the case of
*Lookabaugh v. Krug* at Bloomingdale, Illinois.''

Respondent's answer further alleged that he is informed and believes that on April 11, 1939, he arrived
at the Grant Hospital on the order of his physician,
was placed in bed under treatment and remained in
said hospital without conscious memory of his surroundings until April 14, 1939; that from April 11,
1939, to April 16, 1939, at 7 p. m. he remained in said
Grant Hospital under the care of his physician and
nurses, when he was allowed to leave the hospital with
his brother; that he was then informed by his physician that for sometime he had been suffering from

amnesia, a pathological condition characterized by impairment or loss of memory, brought on and resulting from neurasthenic conditions, aggravated and made acute by the extreme nervous strain induced by his participation in said case of Peter Biron, contrary to the advice of his physician; that on the evening of April 16, 1939, after being informed by his brother of the death of Judge O'Connell's father, he went to the Lane mortuary to extend his sympathy and pay his respects to the judge and his family; and that ''after his discharge from the Grant Hospital and being duly discharged by his physician, he called upon the court and gave the court a full, complete and satisfactory explanation of his absence.''

In drafting the written interrogatories an error was made as to the date of the alleged contempt and upon the hearing on the rule on July 22, 1939, the court permitted the *amicus curiae* to propound oral interrogatories to the respondent and directed the latter to answer same under oath. Neither these oral interrogatories nor the answers thereto are included in the record presented to this court.

The judgment order included the following findings:

''That the defendant in this cause, Frank A. McDonnell was, on March 29th, 1939 and prior thereto, attorney of record in the cause entitled People of the State of Illinois v. Peter Biron and Stanton Cooke, Criminal Court No. 39–175; that the trial of said cause was commenced on March 27th, 1939 at which time the defendant herein was present and participating as such attorney; that he was present and participating at the sessions of this court when the cause was resumed on March 28th, 1939; that he had knowledge that the trial of said cause was recessed from the close of the court day on March 28th until ten o'clock A. M. March 29th, 1939.

''That when the Criminal Court of Cook County met in open session at 10 A. M. on March 29th, 1939 to re-

sume the aforementioned trial, the defendant herein was absent without permission of this Court; that no excuse or cause was then offered to this Court in explanation of such absence; that the cause was then recessed until 2 P. M. the same day.

"That during the last aforesaid recess telephonic conversations were held with defendant's secretary, and that she was instructed to advise the defendant herein to be present in open court at 2 P. M. on March 29th, 1939, when the trial of said aforementioned cause was to resume, or a mistrial would be declared.

"That at 2 P. M. on March 29th, 1939 the Court in open session resumed the trial of the aforementioned cause, but because of the absence of the defendant herein as attorney of record for one of the defendants, this Court declared a mistrial; which conduct of said defendant took place while this Court was in open session, and impeded and interrupted the proceedings and interfered with the orderly dispatch of business and the decorum of the Court and tended to lessen the dignity of this Court and to bring the administration of justice into disrepute.

"The Court further finds that the defendant who is now here present in open Court and who has failed by his oral and written answers to explain satisfactorily to this Court his conduct in the premises, and to purge himself of the contempt, is, by reason of said conduct of said defendant guilty of a contempt of this Court."

Respondent contends that the court erred in refusing to allow him to withdraw his answer to the amended petition for the rule to show cause in order to permit him to challenge the sufficiency of said petition and its verification. Having filed his answer admitting the sufficiency of the amended petition as verified, the refusal of the court to allow respondent to withdraw said answer was not an abuse of its discretion. (*People v. Severinghaus,* 313 Ill. 456.)

There can be no doubt that an unexplained absence from the courtroom to the harrassment and delay of the court in the orderly administration of justice in a case on trial on the part of an attorney-at-law (an officer of the court and hence a part of it) may be found to be contempt of court on due accusation, notice and hearing. (*In re Clark*, 208 Mo. 121, 106 S. W. 990, 15 L. R. A. (N. S.) 389.) That respondent was duly and properly accused and notified of the contempt charged is not questioned nor is it claimed that his hearing on the charge was attended by any oppression or unfairness.

It is admitted that respondent as the attorney for one of two defendants indicted and on trial charged with murder took active part in such trial for two successive days and failed to appear at the session of court held at 10 a. m. on the morning of the third day, March 29, 1939, to which session the trial of the cause had been continued from the afternoon session of the previous day; that by reason of his absence it was necessary to recess the trial until 2 p. m. March 29, 1939; that when the respondent did not appear at the afternoon session of the court on the last-mentioned date, the court was compelled to declare a mistrial of the cause; and that, although the clerk and bailiff of the court advised respondent's secretary as to his absence from the morning session of the court on March 29, 1939, and communicated to her the court's admonition and direction that he be present at the afternoon session at 2 p. m. on said date to proceed with the trial of the cause, no explanation was advanced by him at the time or by any one in his behalf as to his absence at the morning session or as to his failure to appear at the afternoon session.

Since respondent admits the facts upon which the charge of contempt is founded, are the other matters heretofore set forth and alleged as facts in his answer

sufficient to purge or acquit him of the charge? Mr. McDonnell, an attorney actively engaged in the trial of a case, mysteriously disappears. No explanation is forthcoming from him or from any one connected with him as to his failure to appear in court to proceed with the trial of the case in which he was then engaged. His answer instead of furnishing a rational, reasonable and satisfactory explanation of his absence from court on the day in question indulges chiefly in fantastic recitals which are entirely insufficient to acquit him of his contemptuous conduct. He might just as well and with as much pretense of excuse or justification of his failure to appear in court on March 29, 1939, have alleged in his answer that a strange bird swooped down upon him from the sky on the evening of March 28, 1939, carried him away to unknown regions and dropped him back to earth a week or two later. While neither we nor the trial judge are doctors of medicine or specialists on amnesia, we are not for that reason obliged to cast aside our reason and intelligence, to forego our common sense and to disregard our experience in considering an answer such as was filed by respondent. In our opinion, if respondent were permitted to absolve himself of the contempt with which he is charged by an answer as preposterous and absurd as he has filed, then, indeed, the courts would be proper subjects of contempt and ridicule. We are impelled to hold that respondent's answer presented no satisfactory explanation for his absence from the trial court on the occasion in question and that it is wholly insufficient to acquit him of the charge of contempt.

We have made a diligent search of the authorities but have been unable to find a comparable case on the facts. The reason undoubtedly is that it is indeed unique for an attorney to suddenly and mysteriously disappear while he is engaged in the trial of a case, leaving absolutely no trace or clew as to his whereabouts.

As heretofore stated an error was made in the written interrogatories as to the date of the alleged contempt. Because of such error no useful purpose was served either by the written interrogatories or respondent's answers thereto. On the hearing on the rule the trial court properly permitted the *amicus curiae* to propound oral interrogatories to respondent and required him to answer same under oath. Neither these oral interrogatories nor respondent's answers thereto are included in the record. The order of commitment discloses that the foregoing oral interrogatories and the answers thereto made by respondent were considered by the court in making its findings. These interrogatories and the answers thereto not having been included in the record, we must presume that the judgment was based upon sufficient evidence. (*People v. Rosenthal,* 370 Ill. 244.) In the absence of a complete record respondent cannot question the sufficiency of the recitals in the judgment order. (*Franklin Union No. 4 v. People,* 220 Ill. 355.)

The respondent insists that the charge of contempt against him was not sustained because it was not found that he was guilty of a malevolent intention to impede the administration of justice. If the acts of the person charged with contempt of court are inconsistent with his alleged intention, and if the acts charged and proved or not denied amount to a contempt, the answer alleging the party charged intended no contempt will not purge him. (*People ex rel. Fahey v. Burr,* 316 Ill. 166; *People v. Severinghaus, supra; People v. Seymour,* 272 Ill. 295.) A disavowal of intention to commit a contempt may tend to excuse but it cannot justify the act. (*People v. Rosenthal, supra; People v. Wilson,* 64 Ill. 195.) The light sentence imposed upon respondent indicates that weight was given to his disavowal of bad motives.

While the judgment against respondent is to him a serious matter and it is an unpleasant duty to affirm it,

we would feel recreant to our duty and obligations to the profession and the public if we approved or con-doned the conduct of respondent in this case.

For the reasons stated herein the judgment of the circuit court is affirmed.

*Judgment affirmed.*

FRIEND, P. J., and SCANLAN, J., concur.