(No. 26052.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK A. McDONNELL, Plaintiff in Error.

*Opinion filed Sept. 15, 1941—Rehearing denied November 12, 1941.*

FRANK A. McDONNELL, *pro se,* (S. B. McDONNELL, JR., and ELWYN E. LONG, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (FRED A. GARIEPY, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Frank A. McDonnell was found guilty of contempt of court by the criminal court of Cook county and was sentenced to serve two days in jail and pay a fine of $25. The Appellate Court for the First District affirmed that judgment and this writ of error follows that affirmance. A complete and detailed statement of all the facts and pleadings is set out in *People* v. *McDonnell,* 307 Ill. App. 368, and need not be repeated.

The plaintiff in error appeared as attorney on behalf of one Peter Biron who was defendant in a murder indictment in the criminal court of Cook county. The entire day of March 27, and until 2:45 P. M. on March 28, 1939, was spent in selecting a jury, at which time plaintiff in error was excused by the court to take care of another matter. The trial was recessed until 10:00 o'clock on the following morning. When the court reconvened the plaintiff in error did not appear and his office was notified that unless he appeared by 2:00 P. M. it would be necessary to declare a mistrial. At 2:00 P. M. he failed to appear and a mistrial was declared.

The plaintiff in error contends (1) that the court was without jurisdiction to hear the cause because the verification of the petition was insufficient and in violation of section 6 of article 2 of our constitution; (2) that it was error not to allow him to withdraw his answer and hear his motion to strike the petition; (3) that the final order is insufficient as a matter of law, and (4) that it was error to fail to discharge him upon his sworn answer.

It will be noted that the first contention seeks to raise a constitutional question, which was waived by taking the case to the Appellate Court. (*People* v. *Viskniskki,* 255 Ill. 384; *Poe* v. *Ulrey,* 233 id. 56.) His second point was also waived. When he elected to answer and did file an answer it was an admission of the sufficiency of the petition and

the court did not abuse its discretion in refusing to allow him to withdraw that answer and file a motion to strike. *People* v. *Severinghaus,* 313 Ill. 456.

A consideration of the last two points raised by the plaintiff in error leaves him in a very peculiar position. The record shows that in the original petition a mistake of one day was made in stating the date of plaintiff in error's absence from court. Taking advantage of this mistake he filed a sworn answer in which he truthfully stated that he was present in court on the date alleged in the petition, although it sufficiently appears that he was not present on the date intended to be stated and never filed any sworn answer as to the correct date after the petition was amended. His answer was thus technically exact but actually evasive. On this point the Appellate Court said: "As heretofore stated an error was made in the written interrogatories as to the date of the alleged contempt. Because of such error no useful purpose was served either by the written interrogatories or respondent's answers thereto. On the hearing on the rule the trial court properly permitted the *amicus curiae* to propound oral interrogatories to respondent and required him to answer same under oath. Neither these oral interrogatories nor respondent's answers thereto are included in the record. The order of commitment discloses that the foregoing oral interrogatories and the answers thereto made by respondent were considered by the court in making its findings. These interrogatories and the answers thereto not having been included in the record, we must presume that the judgment was based upon sufficient evidence. (*People* v. *Rosenthal,* 370 Ill. 244.) In the absence of a complete record respondent cannot question the sufficiency of the recitals in the judgment order.— *Franklin Union* v. *People,* 220 Ill. 355."

Much more of the opinion of the Appellate Court might properly be quoted in this opinion, but since it is published and available to any interested person, we can see no rea-

son for including more of it here. The plaintiff in error's contentions that the final order is insufficient because it does not set out that the respondent was actuated by a malevolent intention and that the court erred in not discharging him on his sworn answer have been sufficiently answered in the opinion referred to. The character of his intentions can be certainly known only by himself. As to all others those intentions must be judged by his acts. If he desired, for some obscure reason, to bring about a mistrial in the murder case in which he was appearing he could not well have chosen a better means and the trial court and Appellate Court apparently assumed this to have been his malevolent intention. His evasive answer which was filed and his later attempt to file a weird and unbelievable one are sufficient evidence of his lack of good faith in the entire matter.

There is no theory upon which it can be held that the court erred in not discharging the respondent on his so-called sworn answer. He argues from the authority of several cases, that this was an indirect contempt and on the authority of *People* v. *McDonald*, 314 Ill. 548, and other cases therein cited, that his answer is conclusive and that he was entitled to be discharged. This argument overlooks the point that his answer did not deny any of the facts upon which the charge of contempt was founded, but merely sought to explain them and to deny conclusions. As the Appellate Court said: "No explanation is forthcoming from him, or from any one connected with him as to his failure to appear in court to proceed with the trial of the case in which he was then engaged. His answer instead of furnishing a rational, reasonable and satisfactory explanation of his absence from court on the day in question indulges chiefly in fantastic recitals which are entirely insufficient to acquit him of his contemptuous conduct. He might just as well and with as much pretense of excuse or justification of his failure to appear in court on March 29,

1939, have alleged in his answer that a strange bird swooped down upon him from the sky on the evening of March 28, 1939, carried him away to unknown regions and dropped him back to earth a week or two later. While neither we nor the trial judge are doctors of medicine or specialists on amnesia, we are not, for that reason, obliged to cast aside our reason and intelligence, to forego our common sense and to disregard our experience in considering an answer such as was filed by respondent. In our opinion, if respondent were permitted to absolve himself of the contempt with which he is charged by an answer as preposterous and absurd as he has filed, then, indeed, the courts would be proper subjects of contempt and ridicule. We are impelled to hold that respondent's answer presented no satisfactory explanation for his absence from the trial court on the occasion in question and that it is wholly insufficient to acquit him of the charge of contempt."

All of this argument assumes the contempt to have been indirect and therefore to require a specific charge with an opportunity to answer. The question of whether this was a direct or indirect contempt might be the subject of interesting argument, but we find it unnecessary to decide the point. If it were held to be a direct contempt the most that can be said is that the respondent has had too much rather than too little due process of law, because he was given an opportunity to answer and failed reasonably to do so. If it were held to be a direct contempt (negative in form) no citation or answer would be necessary. As above noted, the respondent has seen fit to bring a record here that does not give us all the facts and we will necessarily assume that the proceedings upon which the trial court acted were sufficient to sustain its judgment.

The judgment of the Appellate Court, affirming the judgment of the criminal court of Cook county, is affirmed.

*Judgment affirmed.*