PER CURIAM.
Brooks Taylor, an attorney at law, was adjudged in contempt of court and sentenced to two weeks confinement in the County Jail, Washington County, Florida.
The adjudication of contempt is alleged by the trial court as follows:
“You will be adjudged in contempt for your willful failure to appear at the trial after it had been duly scheduled at a Pre-Trial Order at your convenience, and it is the sentence of the law and judgment of the Court that you be confined to County Jail of Washington *171 County, Florida, for two weeks for your said offense.”
The record reveals that there were actually four attorneys of record, including the appellant, representing a Mrs. Hutto, whose case was to be tried on the 16th day of April, 1970. Theretofore, a Mr. Edge and Mrs. Hutto had consolidated their respective cases against Washington County Kennel Club, and had obtained substantial verdicts which were overturned on appeal to this court and remanded for a new trial on damages only.
At the new trials, there was no consolidation hence the case only of Mrs. Hutto was to be tried on the 16th. At 7:00 p. m. on the night of April IS, the attorney for the Kennel Club called Mr. Taylor and made a settlement offer conditioned, however, on both Mr. Edge and Mrs. Hutto agreeing thereto and settling all cases involved. There is undisputed evidence in the record that appellant called his co-counsel, Mr. Miller and Mr. Moore, advised them of the settlement offer and of his intentions to try to find Mr. Edge that night or next morning. Appellant also called Mr. Moore at 7:00 a. m. on the 16th, the day of trial, and advised that he was going to Niceville, to try to locate Mr. Edge and tell him of the settlement offer. It does not appear that either Mr. Miller nor Mr. Moore advised the trial judge of these telephone calls from appellant nor explained to the trial court why appellant was absent when the time came on for beginning of the trial. The record indicates that the two attorneys, Moore and Miller, announced they were ready for trial. No request was made to wait awhile on appellant to see if he was successful in his efforts to reach Mr. Edge and maybe effect a settlement without going to trial. The record further indicates that after the trial was in progress, either Mr. Moore or Miller called the office of appellant, which was about 75 miles distant and was advised by a secretary that appellant was on his way. This was not a statement by the appellant and it is not shown that appellant knew the secretary had mistakenly thought he was on his way to the trial and had so conveyed the same to cocounsel.
About 11 o’clock, after the trial had been in process for a couple of hours, a capias was issued for appellant.
Later at the contempt hearing, all of the above was brought out before the trial judge. It does not appear that a full explanation was given the trial court at the time of or before the capias was issued against appellant. It appears to us that if the cocounsel had fully explained what appellant was attempting to do, as the reason for not being present at the beginning of the trial, the court probably would not have issued the capias.
The record contains enough evidence to show that the appellant had some justifiable reason for not being present at the beginning of the trial, and also justifiable reason for not getting to the trial, even though late, although he should have contacted the trial judge at or before trial time with his explanation; but we are inclined to the view that the cocounsel could have satisfactorily explained the absence of appellant, and the reason therefor. The appellant would have been derelict in his duty if he had not attempted to convey to Mr. Edge the settlement offer, so, in this particular instance, it appears to us that although the conduct of appellant was reprehensible, that under all the circumstances including the fact that able cocounsel were in attendance at the trial, we do not feel that the conduct of appellant warranted the sentence meted out by the trial court. There was no interruption of the trial nor delay. There does appear that there was some misunderstanding between appellant’s secretary’s conversation with Mr. Miller and Mr. Miller’s advise to the trial court that the appellant “was on his way”. It is not shown that appellant gave this erroneous or false information.
We therefore, are of the opinion that it was within the judicial discretion of the trial court to find the appellant guilty of *172 contempt, but we further find and so hold that the trial court abused his discretion in the sentence imposed under the circumstances as shown. The sentence is therefore set aside as being unreasonable.
JOHNSON, C. J., and RAWLS and SPECTOR, JJ., concur.