THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH DIAZ, Defendant-Appellant.

(No. 74-320;

Third District—July 25, 1975.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Walter Boyle, State's Attorney, of Hennepin (F. Stewart Merdian, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Joseph Diaz was sentenced to a prison term of from 6 to 18 years following his conviction of a charge of delivering a controlled substance of less than 30 grams (cocaine) (Ill. Rev. Stat. 1973, ch. 56½, § 1401). His conviction followed plea negotiations and his sentence was for the term agreed upon in such negotiations. On appeal, defendant argues that it was an abuse of the trial court's discretion to impose a higher than minimum sentence of imprisonment without the benefit of a sentencing hearing. From the record it is apparent that during discussions in open court, defendant specifically waived, in a written instrument, the sentencing hearing which normally would have been held (Ill. Rev. Stat. 1973, ch. 38, § 1005—4—1(a)).

During the hearing on the plea of guilty, the trial court was informed by the parties that they had entered into an agreement whereby defendant would plead guilty to the controlled substance charge, a Class 2 felony. The State would not press a conspiracy count which was also pending against defendant involving the same acts. The State agreed it would recommend a penitentiary term of 4 to 12 years. The court was also informed that defendant had four previous convictions, including a recent controlled substance violation for which he was sentenced to a term of from 15 to 50 years. He was also guilty of a parole violation.

The trial judge, following the disclosure as to the record of defendant, stated he would not agree to sentence defendant to a lesser sentence than one imposed earlier upon a confederate named Gama. The prosecutor and defendant thereafter immediately submitted a new agreement

to the court whereby the State would recommend a 6- to 18-year sentence.

The trial judge then fully admonished defendant that there was no need for him to agree to the court's insistence on a 6- to 18-year sentence and defendant had the right to transfer the proceedings to another judge. After defendant had consulted with his retained counsel he consented to proceed on the basis of the plea agreement for a sentence of 6 to 18 years. The trial judge, thereafter, fully admonished defendant under Supreme Court Rule 402 and accepted the plea of guilty.

After the acceptance of the guilty plea the court noted its intention to proceed with the sentencing hearing and its willingness to order a presentence investigation report. Defendant, however, tendered a written waiver of both the presentence investigation and report and, also, of the sentencing hearing. When the court determined that the waivers were understandingly and voluntarily made, the trial judge proceeded with the sentence in accordance with the final plea agreement.

■■ The major contention raised on appeal is that it was an abuse of discretion to sentence defendant to 6 to 18 years in prison, pursuant to a plea agreement, without conducting a sentencing hearing. This issue is the same as the one raised in the recent case of *People v. Yepsen* (3rd Dist. 1975), 30 Ill.App.3d 484, 333 N.E.2d 565. In the *Yepsen* case we concluded that a defendant may waive the sentencing hearing by an express waiver made knowingly and voluntarily. In that case we analyzed the issue and concluded that there is no reversible error involved where a defendant made a knowing and voluntary waiver of a sentencing hearing, in a negotiated plea arrangement, where a greater than a minimum term of imprisonment is imposed. In the *Yepsen* case we referred to *People v. Melvin* (5th Dist. 1975), 27 Ill.App.3d 269, 273, 327 N.E.2d 139, where the court held that defendant may waive a sentencing hearing as part of a negotiated plea procedure.

In the cause before us, defendant had a record of four previous convictions including a recent controlled substance violation, for which he was sentenced, and also one parole violation. The record, therefore, clearly supports a sentence which is higher than the minimum available for the crime of delivery of a controlled substance. The imposition of such sentence was clearly within the discretion of the court and was not invalid by reason of the fact that no formal sentencing hearing was conducted.

■■ Pursuant to motion of defendant to add an additional issue, we granted leave to defendant to raise, as a contention of error, an assertion that the trial court did not fully comply with Supreme Court Rule 402(a)(2). Defendant contends that he should have been advised of

the mandatory parole term provided for in section 5—8—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1). We pointed out in *Yepsen*, that in the case of *People v. Wills*, 61 Ill.2d 105, decided in the Illinois Supreme Court on May 19, 1975, the Illinois Supreme Court had specifically held that the requirement of an admonition concerning the period of mandatory parole, such as would be involved in the instant case, applies only prospectively to guilty pleas taken subsequent to May 19, 1975. Since the guilty plea in the instant case was taken long prior to May 19, 1975, the requirement now specified in *People v. Wills* as to mandatory parole term admonitions, would not apply in the instant case. There is, therefore, no reversible error involved in the failure to admonish as to the mandatory parole term in the instant case.

For the reasons stated, the judgment and sentence of the Circuit Court of Putnam County are affirmed.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.