THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY R. MARTIN-TRIGONA, Defendant-Appellant.

Fourth District No. 12446

Opinion filed March 11, 1976.

Frederick F. Cohn, of Chicago, and Richard A. Liese, Law Student, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Thomas L. Knight, Assistant State's Attorney, and John Nicoara, Law Student, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Following a hearing upon a rule to show cause, defendant was held to be in contempt of court. A sentence of four months' incarceration and a fine of $500 was imposed. He appeals.

He was initially charged with the offenses of assault and disorderly conduct. The rule to show cause was founded upon the conducts and remarks of defendant, a law graduate, who appeared pro se in motions directed to the charges and the incident proceedings.

The initial courtroom conduct supporting the rule to show cause occurred on May 4, 1973. On May 8, 1973, defendant filed a petition for removal in a Federal district court, designated No. CV 73-21-D. Some matters stated in the rule to show cause concerned events subsequent to such petition. On June 15, 1973, the removal proceedings were dismissed in the Federal district court and the cause remanded to the circuit court of Champaign county.

After defendant was served with a writ of attachment, he appeared by counsel. The rule to show cause was heard by an assigned judge on September 24, and his written order entered on September 30, 1973. Following post-hearing motions, notice of appeal was filed on October 30.

Some weeks following oral argument and the submission of the cause on appeal, defendant filed a motion for summary reversal for the reason that a second petition for removal, No. CV 73-46-D, had been filed in a Federal district court on July 23, 1973, and that such cause continued to pend without remand.

We have examined the record with care and find that neither defendant nor his counsel advised the assigned judge hearing the rule of such pending removal petition, No. CV 73-46-D. Prior to the hearing counsel filed a motion to vacate the order fixing bond and a written answer to the rule to show cause. Following the entry of the order appeal, counsel filed motions for reconsideration, a new trial and in arrest of judgment. The report of proceedings shows no oral statement concerning a pending removal proceeding.

A careful examination of the briefs filed in this cause discloses no references made to any pending removal petition which would halt the progress of the appeal.

This court held, however, in *People v. Martin-Trigona*, 28 Ill. App. 3d

605, 328 N.E.2d 362, that causes in the State court may not proceed while a removal petition pends in the Federal district court.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

CRAVEN and SIMKINS, JJ., concur.