PER CURIAM.
This is a disciplinary proceeding brought by The Florida Bar against Robert B. Hor-ner, a member of The Florida Bar. Our jurisdiction is authorized by Article V, Section 15, of the Constitution of the State of Florida.
The Report of Referee sufficiently summarizes the charges and evidence in this case by stating in pertinent part:
1. That the Respondent, Robert B. Horner, is and was at all times hereinafter mentioned a member of the Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of *293 Florida. Respondent having been admitted to the practice of law in 1937 in the State of Illinois, and was licensed to practice law in the State of Florida in 1951. Referee further finds that during all periods in question, the Respondent has suffered no other disciplinary proceeding or record complaint concerning his professional conduct.
2. That Respondent, in 1969, commenced a relationship with one Pleasant Gay, now deceased, involving both an attorney-client relationship and a social relationship, which exceeded the attorney-client relationship and which continued until the death of Mr. Gay.
3. That from late 1973 until March 1975, the Respondent acted as an attorney on behalf of Mr. Gay, including the collection of rents on certain property, handling the purchase and sale of certain property and handling through judgment a law suit involving approximately $3,000.00 for non-payment of rent.
4. This referee further finds that Respondent deposited the rents collected in the approximate sum of $1,800.00 and the monies received from judgment in the approximate sum of $3,000.00 in Respondent’s Trust Account. That Respondent apparently made numerous efforts to effect a settlement and disposition of these funds with his client, Mr. Gay, including the settlement of the fees due Respondent for the legal work involved. Said efforts being without success.
5. Referee further finds that Respondent advised his client, Mr. Gay, that he desired to effect settlement and receive his fee for services rendered, but was advised by the client that Respondent should use whatever funds were necessary out of the Trust Account and that a settlement could be reached at a later date.
6. That thereafter, Respondent did use the client’s funds deposited in the Trust Account, but that said use was with the client’s knowledge and consent.
7. That upon the death of the client, Mr. Gay, the decedent’s widow made demand for an accounting and for payment in full of all sums collected. That the Respondent, instead of effecting an accounting or making re-payment, attempted to settle the sums due him with decedent’s widow and as a result decedent’s widow brought disciplinary proceedings.
8. That prior to hearing in this cause, a full accounting was rendered to decedent’s widow and all funds collected have been paid over to decedent’s widow.
9. Based on the foregoing facts, the undersigned finds that the Respondent did comingle and use the client’s funds; however, testimony clearly indicates that such action occurred with the consent and knowledge of the Respondent’s client, Mr. Gay, and while such acts are a technical violation of the Rule, the undersigned fails to find any wilful intention to defraud or improperly use the client’s monies.
We find the evidence to be clear and convincing that the respondent did commit the acts charged in Count I of the Bar’s complaint. We also accept the recommendation of the Referee and find the respondent guilty of a violation of Disciplinary Rules 9-102(A) and 9-102(B)(3) and (4). For this misconduct, the respondent, Robert B. Horner, is publicly reprimanded by the publishing of this opinion in the Southern Reporter. He shall pay costs in this case in the sum of $340.50.
It is so ordered.
OVERTON, C. J., and ADKINS, HATCHETT and KARL, JJ., concur.
BOYD, J., dissents.