359 So.2d 508 (1978)
Carlton L. WELCH, Appellant,
v.
STATE of Florida, Appellee.
No. FF-233.
District Court of Appeal of Florida, First District.
May 22, 1978.
Rehearing Denied June 30, 1978.
Carlton Welch, in pro. per., Jacksonville, and Joseph C. Jacobs, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
A lawyer appeals from a judgment of contempt and a sentence to pay a fine or be jailed, entered after appropriate proceedings on an order to show cause why he should not be adjudged in contempt for departing his client's trial on a criminal charge, during the jury's deliberations, without leave of court. The lawyer left to keep a bowling date. He claims to have supposed from a conversation with the judge, concerning his bowling date, his hope for an early verdict, and the possible sentence for his client, that he had the court's tacit permission to leave his client unattended at the rendition of the verdict. The lawyer advised his client and the bailiff that he was going bowling, but left no other information concerning his whereabouts. The court reluctantly received the verdict in the lawyer's absence.
A lawyer who deliberately and without permission or excuse leaves his client without representation at the rendition of the verdict in a criminal proceeding commits an act which is inconsistent with his professional obligations and which may hinder and embarrass the orderly discharge of judicial functions. See Krathen v. State, 310 So.2d 381 (Fla. 4th DCA 1975). No actual interruption or delay occurred, which mitigates appellant's default. See In re Taylor, 240 So.2d 170 (Fla. 1st DCA 1970). But appellant's reason for abandoning his client and the court was frivolous and contemptuous. Moreover, as the trial court found, the lawyer's attribution of tacit consent to the court, given the conversation on which it was based, was "incredible." See People v. McDonnell, 377 Ill. 568, 37 N.E.2d 159 (1941). Taken as a whole, the evidence supports the judgment and sentence.
AFFIRMED.
MILLS, Acting C.J., and SMITH and BOOTH, JJ., concur.