PER CURIAM.
We have for review the report of the referee in this Florida Bar disciplinary proceeding.
Respondent, a member of the bar, was the attorney representing a criminal defendant in circuit court in Duval County. While the jury was out considering the verdict in his client’s case, respondent asked the client if he minded if respondent left the courtroom to keep a bowling date. The client, his parents, and his wife assented; respondent, however, never informed them that the jury might come back to ask questions of the court. Respondent left without leaving a telephone number or an address where he might be reached.
When the jury sent word that it had reached a verdict, the judge told the bailiff to call the attorneys into the courtroom. Respondent could not be found. The judge asked respondent’s client if he objected to hearing the verdict without his lawyer’s presence. The client requested that respon *344 dent be present. The judge, however, decided to receive the verdict. The jury found the client guilty of the crime charged, and the judge polled the jury on his own motion.
The following day respondent called the judge’s office to find out the result of his client’s trial and was immediately informed that the judge wished to see him. A contempt hearing was held, and respondent was found guilty and ordered to pay a $300 fine or spend fifteen days in county jail. Respondent’s conviction has been affirmed on appeal. Welch v. State, 359 So.2d 508 (Fla. 1st DCA), cert. denied, 365 So.2d 715 (Fla.1978).
We agree with the referee’s analysis of respondent Carlton Welch’s conduct. An attorney’s duty to his client in a case does not end when the jury retires to decide the client’s fate. Often a jury will request further instructions or request that testimony be read. More importantly, the lawyer must be present to ensure the propriety of the verdict. In this case the trial judge performed Mr. Welch’s function for him, by polling the jury.
 Plain common sense dictates that an attorney must remain in or near the courtroom and be immediately available to the court when a jury is deliberating its verdict. Leave of court is required when an attorney desires to leave the premises. In this case, fortunately, no prejudice resulted to his client. We find, however, that Carlton Welch has neglected a legal matter entrusted to him and has engaged in conduct reflecting adversely on his fitness to practice law in violation of our disciplinary rules.[1]
Therefore, we hereby publicly reprimand Carlton Welch for his conduct in this case, and order him to pay $466.91, representing the costs of this proceeding.
It is so ordered.
ENGLAND, C. J., and BOYD, OVER-TON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
ADKINS, J., dissents.

. Fla. Bar Code Prof. Resp., D.R. 1 102(A)(6), 6 101(A)(3).