THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY R. MARTIN-TRIGONA, Defendant-Appellant.

Fourth District    No. 15735

Opinion filed December 19, 1980.—Rehearing denied March 20, 1981.

520

Paul Bradley, of Chicago, for appellant.

Paul H. Vallandigham, Special Prosecutor, of Urbana, for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from the order of the trial court finding him in criminal contempt and imposing a sentence of 4 months' imprisonment and a fine of $500.

The events found to constitute contempt occurred May 4, 1973, and June 25, 1973. All of the evidence of defendant's conduct is disclosed in the several reports of proceedings of matters occurring in open court. The trial court took judicial notice of the records without objection by defendant.

The court found that the following several acts were "calculated to and did embarrass, obstruct and hinder the Court in the prompt and efficient administration of justice, and was [were] calculated to and did bring the administration of justice into disrepute;" in the following particulars: (1) On May 4, 1973, defendant committed the offense of contempt in that he said in open court, "Your Honor, I believe that you have, in one fell swoop, repealed both the law that applies in this state and the common law"; (2) that on May 4, 1973, the defendant committed the offense of contempt in that he stated in open court, "Thank you, Your Honor. If you wish to hold yourself in contempt of Federal Court * * *";
(3) that on May 4, 1973, defendant committed the offense of contempt in that he stated in open court, "The Judge is trying to intimidate me," and again stated, "* * * on so hearing, the Judge again threatened and

intimidated me by saying that he would act in contempt of Court, * * * and proceed with the case, despite the plain mandate of Federal law"; (4) that on May 4, 1973, the defendant committed the offense of contempt in that he stated in open court and to the court, "I hope they are paying you well for this fixed case"; (5) that on May 4, 1973, the defendant committed the offense of contempt in that he stated to the court reporter, an officer of the court, in open court, "Can I get a transcript of this hearing before it gets doctored?" and (6) that on June 25, 1973, the defendant committed the offense of contempt in that he failed, after due notice, to appear for an allotted hearing on the rule to show cause why he should not be held in contempt.

The underlying cause originated when defendant was charged with assault and disorderly conduct in 1972. The matter has proceeded at bizarre length, essentially through defendant's exploitation of petitions to remove the several aspects of the case to the Federal court. Such successive petitions are shown to be without merit in the fact that each was ultimately dismissed and the cause remanded to the circuit court. The record shows numerous judges serving upon successive assignments by the supreme court or upon recusal of certain judges.

The contemptuous conduct was charged as occurring on May 4 at a pretrial hearing on defendant's motions. On May 8, defendant filed a petition for removal to the Federal court. That petition was dismissed and the cause remanded on June 15, 1973. Defendant failed to appear at a hearing on June 25. The then assigned judge found that defendant had actual notice of that hearing. On July 23, 1973, defendant again filed a petition to remove the cause to the Federal District Court. A hearing and a finding of contempt on September 24, 1975, was reversed when the trial judge was not advised of that pending removal petition. (*People v. Martin-Trigona* (1976), 36 Ill. App. 3d 482, 344 N.E.2d 225.) The removal petition was dismissed by the Federal District Court and remanded to the circuit court on March 1, 1977.

Defendant contends that the pleadings upon which defendant was tried were not verified and hence void. He cites *People v. Harrison* (1949), 403 Ill. 320, 328, 86 N.E.2d 208, 212, for the rule that it "was incumbent in proceedings for indirect contempt to have the information, petition or affidavit positively verified * * *." That statement was directed to the fact extrinsic evidence was required to establish perjury.

Here, the original petition contained, as exhibits, copies of the records in the trial court and citations to the report of proceedings certified by the court reporter. The amended petition alleges conduct reflected in the reports of proceedings which were introduced into evidence at the hearing upon contempt charges.

■■■ The record discloses that this issue was not raised in defendant's

motion to dismiss the amended petition and was not preserved in defendant's post-trial motions. Upon such circumstances the issue argued may be treated as waived. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) In *Debowski v. Shred Pax Corp.* (1977), 45 Ill. App. 3d 891, 359 N.E.2d 204, it was argued that the trial court was without jurisdiction because of a want of proper verification. The reviewing court held that where defendant had notice and an opportunity to answer and be heard, the verification was not essential. Defendant's claim that the unverified charges were void is without merit.

■■ Defendant contends that no rule to show cause was entered and that defendant was tried without being formally charged. Defendant appeared by counsel and participated in the hearings without raising the issue in the trial court. Again, the issue was not preserved in defendant's post-trial motions. The issue may be treated as waived. *Pickett.*

Defendant argues that the trial court erred in refusing to dismiss the charges for the failure to prosecute within one year and six months. It is asserted that contempt is a misdemeanor and that the statute of limitations in section 3—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 3—5) provides the limitation of one year and six months for misdemeanor. The defendant's argued conclusion is erroneous under the authorities.

A court has the power to punish for contempt without statutory authority. (*People v. Seymour* (1916), 272 Ill. 295, 111 N.E. 1008; *People v. Siegal* (1948), 400 Ill. 208, 79 N.E.2d 616.) The power to punish for contempt is inherent in the court as an essential incident to the administration of judicial power. *People v. Sunnen* (1978), 56 Ill. App. 3d 727, 372 N.E.2d 448.

Defendant cites no statutory limitation directed to the inherent power of a court to punish for contempt. Section 1—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 1—3) provides that no conduct "constitutes an offense" unless so described in that Code. Section 3—5 (Ill. Rev. Stat. 1979, ch. 38, par. 3—5) applies only as to an "offense" designated in the Code.

■■ 12 Ill. L. & Prac. *Contempt* §67 (1955) states that the court can proceed for contempt at any time while it retains jurisdiction of the matter. The time for proceedings in contempt has been discussed in terms of laches. (*People ex rel. Rusch v. Wojcik* (1937), 290 Ill. App. 597, 7 N.E.2d 922 (abstract).) In *People ex rel. Chicago Bar Association v. Barasch* (1961), 21 Ill. 2d 407, 412, 173 N.E.2d 417, 420, the court stated:

> "The statute [of limitations] is not a bar, and the circumstances in each case should be carefully examined to determine when lapse of time would make it unjust or unfair to compel a respondent to answer contempt charges."

(See also *People v. Levinson* (1979), 75 Ill. App. 3d 429, 394 N.E.2d 509.) Upon consideration of defendant's practice of filing successive petitions for removal to the Federal District Court upon the same matters, and the fact that the last such petition filed on July 23, 1973, pending a hearing on contempt was not remanded until March 1, 1977, we will not say that it was unfair or unjust to require defendant to answer the amended contempt charges filed without objection by defendant's counsel on Sepember 20, 1977.

Defendant argues that the State's Attorney was the only person authorized to prosecute the contempt proceedings, that there was no showing of the existence of any of the statutory grounds for the appointment of a special prosecutor as provided in section 6 of "An Act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1979, ch. 14, par. 6), and that the trial court committed reversible error in denying defendant's motion to vacate the appointment. We deem the contention to be without merit. In *People v. Goss* (1957), 10 Ill. 2d 533, 546, 141 N.E.2d 385, 391, the court said:

> "The People are not concerned in contempt actions in the sense that such actions are in violation of the peace and dignity of society. As was said in *People v. Jilovsky*, 334 Ill. 536, 'Contempts are not crimes within the meaning of the statute defining misdemeanors.'"

In *People v. Marcisz* (1975), 32 Ill. App. 3d 467, 473, 334 N.E.2d 737, 741, the court pointed out:

> "Indirect criminal contempt proceedings may be prosecuted by the People, by an amicus curiae or, as in this case, a private litigant."

(See also *47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 371 N.E.2d 294.) In the light of such authority, we hold that the prosecution of the contempt charges is not the sole or necessary function of the State's Attorney and the nomenclature used in the order does not control a performance of the function of presenting the charge.

While we conclude that the presentation of a contempt charge is not a function of the State's Attorney as such, but as an *amicus curiae*, the record discloses that on July 21, 1977, the then State's Attorney filed a motion reciting that defendant had participated in that State's Attorney's campaign for election to the office and that such fact "could give rise to an appearance of impropriety."

In *People v. Howarth* (1953), 415 Ill. 499, 114 N.E.2d 785, the supreme court stated that it saw no reason to disagree with the conclusion reached in *People ex rel. Hoyne v. Northup* (1914), 184 Ill. App. 638, that a trial court might appoint a special prosecutor on its own motion. While

the docket entry does not explicitly show action on the State's Attorney's motion by the court, the record demonstrates a basis for the exercise of the court's discretion.

■■ Defendant contends that he was entitled to a jury trial. On December 8, 1977, prior to the hearing, the trial judge advised defendant that the penalty would not be more than 180 days, a fine not to exceed $500, or both. Upon the authority of *Bloom v. Illinois* (1968), 391 U.S. 194, 20 L. Ed. 2d 522, 88 S. Ct. 1477, and *County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353, 282 N.E.2d 720, we hold that there was no denial of equal protection under the Constitution of the United States or of the State of Illinois in refusing a jury trial.

We have examined defendant's argument that there was insufficient proof of contempt beyond a reasonable doubt in the context of the record of the proceedings on May 4, 1973, and June 25, 1973. Defendant's statements in the record asserting judicial corruption, intimidation and dishonesty in the report of proceedings far exceed the limits of vigorous advocacy. The argument of jests in such statements is not persuasive. The record supports the conclusion that defendant never was prepared to comply with the court's rulings, or to proceed in an orderly manner in the presentation of the several matters, and that he did obstruct the course of the proceedings through his conduct. We refuse to accept the argument that the judge did not consider the statements and conduct contemptuous because he failed to declare an immediate direct contempt. We find it proper for the trial court to direct inquiry as to showing contempt based upon the record of the proceedings before him. The trial judge had been especially assigned by the court administrator's office. He promptly recused himself following the proceedings concerned. Such fact of record supports the inference that the assigned judge did not consider the conduct as lacking in the quality of contempt, or that the conduct did not obstruct the court's judicial administration.

Defendant argues that the sentence imposed was excessive. In the cited *People v. McDonnell* (1940), 307 Ill. App. 368, 30 N.E.2d 80, *People v. Buster* (1966), 77 Ill. App. 2d 224, 222 N.E.2d 31, *In re Magnes* (1972), 8 Ill. App. 3d 249, 290 N.E.2d 378, and *People v. Miller* (1970), 130 Ill. App. 2d 637, 265 N.E.2d 175, the sentences by the respective trial courts were affirmed. Those authorities do not raise the issue of excessive sentences in the context of review. The record does not require the conclusion that the hearing judge abused his discretion.

Defendant urges that the jail sentence must be vacated by reason of the decision in *People ex rel. Kunce v. Hogan* (1977), 67 Ill. 2d 55, 364 N.E.2d 50. In that case, the trial court entered its order finding contempt and imposing sentence. The supreme court raised the issue *sua sponte* as

to whether there should have been a hearing to permit defendant to present evidence in mitigation.

Here, the order of the trial court was filed on June 25, 1979. Defendant's post-trial motion filed on July 6, 1979, alleged that the sentence was excessive but did not raise the issue that evidence in mitigation should have been heard. The opinion in *Hogan* notes that the hearing "concentrated on the question of contempt" so that neither party addressed the question of punishment.

Here, the record differs. As the matter approached a posture for hearing on March 28, 1978, defendant filed a motion to excuse his appearance at the hearing and waived his right to be present at a hearing scheduled for April 7, 1978. On March 30, 1979, defendant again filed a waiver of his right to be present during the trial and to testify. His affidavit, filed with such motion, asserted the exercise of his right "pursuant to the provisions of Ill. Rev. Stat. §38, Sec. 115—8 to waive my presence at the trial of the above captioned case." The affidavit states an awareness of his right to be present and testify and his desire to give up such rights. On June 14, 1979, defendant filed a waiver of "his right to be present during the trial and *possible sentencing* on the Amended Rule to Show Cause filed in the above captioned case." (Emphasis added.) His accompanying affidavit included:

> "2. I wish to exercise my right pursuant to the provisions of Ch. 38 §115—8 Illinois Revised Statutes to waive my presence at the trial and any *possible sentencing* in the above captioned case." (Emphasis added.)

As has been noted, the trial judge advised defendant of the possible outer limits of the sentence, including incarceration, during the course of a hearing upon motions. Thereafter, defendant filed the several waivers, motions and affidavits. While we do not imply that section 5—4—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1) governs, one finds as an analogy that the statutory provision for a sentencing hearing may be waived. (*People v. Barto* (1976), 63 Ill. 2d 17, 344 N.E.2d 433; *People v. Diaz* (1975), 30 Ill. App. 3d 496, 333 N.E.2d 568.) Here, the waiver in writing was verified.

■■ We conclude that the motion supported by defendant's affidavit and the failure to raise any issue as to a hearing in the post-trial motion constitute a waiver, which distinguishes this case from *Hogan*.

The judgment is affirmed.

Affirmed.

WEBBER and LEWIS, JJ., concur.