PER CURIAM.
At issue here is the appropriate discipline in this bar grievance case.
Moxley, a duly licensed lawyer, practiced law and maintained a trust account. He also engaged in a private business not directly connected with his law practice. He utilized the same checking account for both his client trust fund and the separate business venture. On occasion he advanced funds from this account to other accounts both for the business and for his law practice before receiving deposits for those expenditures. The referee properly found that such conduct violated article XI, rule 11.02(4) of the Integration Rule (for commingling and improperly utilizing trust funds) and disciplinary rule 1-102(A) (for commingling trust funds and for misconduct which reflects adversely on his fitness to practice law).
Rule 11.02(4) commences: “Money or other property entrusted to an attorney for a specific purpose, including advances for costs and expenses, is held in trust and must be applied only to that purpose.” We take a grim view of attorneys who fail to keep sacrosanct and inviolate their trust funds as required under this rule. Recognizing this, The Florida Bar suggests that the minimum penalty should be a six-month suspension with proof of rehabilitation. The referee, on the other hand, recommended a public reprimand plus a three-year probation with certain conditions.[1] Moxley agrees with the referee.
The closest case to the one at hand is The Florida Bar v. Welty, 382 So.2d 1220 (Fla. *816 1980), where we suspended an attorney for six months for misuse of trust funds even though no client suffered a loss by his conduct.[2] In Welty we said:
Public reprimand should be reserved for such instances as isolated instances of neglect, The Florida Bar v. Larkin, 370 So.2d 371 (Fla.1979); or technical, violations of trust accounting rules without willful intent, The Florida Bar v. Horner, 356 So.2d 292 (Fla.1978); or lapses of judgment, The Florida Bar v. Welch, 369 So.2d 343 (Fla.1979).
Welty, 382 So.2d at 1223. There is no doubt that the referee considered Welty in making his recommendation.
We give a great deal of weight to the referee in cases such as this. Here, the referee is an experienced, considerate, and thoughtful judge. To us, however, this case more appropriately falls somewhere above the situation which existed in Hor-ner, but somewhere below that in Welty. In disciplinary cases it is important to look at the offense and the circumstances surrounding it. But it also is important to consider the effect of the dereliction of duty on others as well as the character of the wrongdoer and the likelihood of further disciplinary violations. We therefore believe some suspension is appropriate. We do this not so much in retribution against Moxley as to clearly admonish the bar regarding the necessity to follow faithfully rule 11.02(4) and disciplinary rule 1-102.
Accordingly, we suspend John E. Moxley for a period of sixty days, said suspension to commence thirty days from the date of the filing of this opinion. In addition he is placed on probation for three years pursuant to rule 11.10(1) of the Integration Rule. As a condition of probation he must keep his trust books and records open and accessible to The Florida Bar at all reasonable times without notice and, upon request of the bar, consent and authorize staff investigators of The Florida Bar to examine any banking institution’s record of any of his trust accounts.
Judgment for costs in the amount of $1,145.37 is hereby entered against respondent, for which let execution issue.
It is so ordered.
BOYD, C.J., and OVERTON, MCDONALD and SHAW, JJ., concur.
EHRLICH, J., dissents with an opinion, in which ALDERMAN, J., concurs.

. The referee explained his recommendations as follows:
Prior to recommending discipline pursuant to Rule 11.06(9)(a)(4), I considered the following personal history and prior disciplinary record of the Respondent, to-wit:
The Respondent is 47 years of age; was admitted to The Florida Bar in May of 1971; *816 and has been a sole practitioner ever since. I find that except for the subject matter of this proceeding, his professional and personal life [have] been exemplary. He has been active in the bar association and has been more than ordinarily involved in pro bono or legal aid work and organizations. He is devoutly religious and is an officer in his church. He has and still devotes time on the board of directors of a church sponsored institution for the needy. Many other private and public good works have been done by the Respondent.
The undersigned is accustomed to the regrets and pleas of the guilty after the fact. In this matter, the Respondent not only is regretful, sorrowful, remorseful and embarrassed beyond measure by what he did, but he has demonstrated contriteness and change by the following:
He fully cooperated with the Complainant.
In effect, he turned himself in; (trial transcript, p. 53), and he has instituted a new method of keeping records and reconciling bank statements on his trust account which will tend to assure that the Rules violated will not be henceforth.
Further, there was never any intent to embezzle or defraud any client. As staff counsel stated, "No client was hurt nor were any clients complaining." [Underscoring supplied.] (See page 53 of the trial transcript).
One of his clients was a character witness who has had up to $90,000.00 in Respondent's Trust Account. In addition, this client wants the Respondent to continue as lead attorney in a long and complicated law suit perhaps involving in excess of a million dollars in damages.
The undersigned appreciates the seriousness of the misconduct charged and the considerable case law as to discipline developed in respect thereto; however, he believes that since no client complained, the manifest reformation of the Respondent and the financial loss already suffered by him, this referee’s recommendation is fair to the public and severe enough to deter others who might likewise offend.

. One of Welty’s clients received funds due only after a delay. None of Moxley’s clients, however, suffered any kind of loss or delay.